# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL ACTION NO. 3:13-MJ-588 |
| ISMAEL ORTIZ URIARTE | DEFENDANT |

## MEMORANDUM OPINION AND ORDER

On November 7, 2013, the court conducted a combined preliminary and detention hearing for Ismael Ortiz Uriarte. At that hearing, Special Agent Dramous Lofton testified regarding the apprehension of Mr. Uriarte and the discovery of narcotics in his vehicle. On cross-examination, counsel for Mr. Uriarte asked Special Agent Lofton whether he had any notes, written statements, or memoranda, and Special Agent Lofton responded that he had rough notes from the date in question. Counsel for Mr. Uriarte then elicited testimony from Special Agent Lofton that the notes were accurate and that Special Agent Lofton "adopted" them, and made an oral motion for the production of those notes pursuant to the Jencks Act, 18 U.S.C. § 3500 and Federal Rule of Criminal Procedure 26.2. Counsel for the United States objected to their production and, accordingly, the court on its own motion ordered the *in camera* production of the notes.

The Jencks Act states that, after a government witness has testified on direct examination, the court shall, on motion of the defendant, order the disclosure of any written statement made by the testifying witness and "signed or otherwise adopted or approved by him." 18 U.S.C. § 3500(b), (e)(1). Federal Rule of Criminal Procedure 26.2 extends this obligation to statements relating to testimony at detention hearings. Fed.R.Crim.P. 26.2(g)(4). In this matter, the court finds that all the requirements have been met. The notes in question are only one page long and

contain only a scant five lines of minimal information other than a limited, but relatively precise, chronology of Special Agent Lofton's activities the night Mr. Uriarte was apprehended. But, the notes directly relate to testimony provided by Special Agent Lofton at the detention hearing, and he testified on cross-examination that he "adopted" them. Although the notes are so bare-bones, that they appear to be of little benefit, the court is aware that "only the defense is adequately equipped to determine the effective use [of these notes] for purposes of discrediting the Government's witness and thereby furthering the accused's defense." *Jencks v. United States,* 353 U.S. 657, 668-69 (1957).

Accordingly, for the reasons stated herein, the government shall promptly produce to defense counsel a copy of Special Agent Lofton's notes submitted to the court for *in camera* review.

Date:


Copies to:
Counsel of Record